**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                                       Case No. 8:25-cv-2431-KKM-AAS

PROGRESSIVE RETAIL INC., d/b/a
Rainbow Food Mart, a corporation, and
VARUN CHAWLA, an individual,

     Defendants.

_____

## <u>ORDER</u>

The United States, on behalf of the Food and Drug Administration, brought this action to "permanently enjoin" Defendants Progressive Retail Inc., d/b/a Rainbow Food Mart, and its owner, Varun Chawla, "from receiving in interstate commerce ENDS [electronic nicotine delivery system] products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, and delivering or proffering for delivery such tobacco products for pay or otherwise, in violation of 21 U.S.C. § 331(c)." Compl. (Doc. 1) ¶ 2. The parties jointly move for the entry of a consent decree or permanent injunction resolving the United States' claims. *See* Mot. (Doc. 21).

But "[t]he entry of a consent decree is more than a matter of agreement among litigants. It is a 'judicial act.'" *League of United Latin Amer. Citizens*

*Council No. 4434 v. Clements*, 999 F.2d 831, 845 (5th Cir. 1993) (en banc) (citation modified). In other words, "the judgment is not an inter partes contract; the court is not properly a recorder of contracts, but is an organ of government constituted to make judicial decisions and when it has rendered a consent judgment it has made an adjudication." *United States v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir. 1981) (en banc) (Rubin, J., concurring in the per curiam judgment) (quoting 1B MOORE'S FEDERAL PRACTICE 0.409(5), at 1030 (2d ed. 1980)). Thus, "[e]ven though the decree is predicated on consent of the parties, the judge must not give it perfunctory approval." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1242 (11th Cir. 1997) (quoting *City of Miami*, 664 F.2d at 440–41 (Rubin, J., concurring in the per curiam judgment)).

Because a consent judgment, "by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny." *Id.* (quoting *City of Miami*, 664 F.2d at 440–41 (Rubin, J., concurring in the per curiam judgment)); *see United States v. City of Tampa*, 739 F. Supp. 3d 1055, 1063 (M.D. Fla. 2024) (explaining that a consent judgment regulating future conduct must be supported by facts showing risk of future injury). I may "not merely sign on the line provided by the parties." *City of Miami*, 664 F.2d at 440 (Rubin, J., concurring in the per curiam judgment). Instead, I must make a "determination that the proposal represents a reasonable factual and legal determination based on the facts of record,

2

whether established by evidence, affidavit, or stipulation." *Stovall*, 117 F.3d at 1242 (quoting *City of Miami*, 664 F.2d at 440–41 (Rubin, J., concurring in the per curiam judgment)). Judicial scrutiny must be even more exacting when, as it does here, the proposed consent decree "also affects third parties." *Id*. In that circumstance, "the court must [additionally] be satisfied that the effect on [the third parties] is neither unreasonable nor proscribed." *Id*.

The parties' joint motion does not contain the facts necessary to permit entry of a consent judgment, much less an order for ongoing, future relief against the defendants and their "Associated Persons."[1] *See* Consent Decree (Doc. 21-1) ¶ 4.A. Nor do the parties explain how entering a consent judgment and retaining jurisdiction over the decree for at least five years, *see* Consent Decree ¶ 22, is appropriate in the light of the law and facts (or lack thereof). *See Howard v. McLucas*, 871 F.2d 1000, 1008 (11th Cir. 1989) (district courts are "required to examine the consent decree," "ascertain whether it represent[s] a reasonable factual and legal determination based on the record, and ensure that it [does] not violate federal law"). At bottom, although parties seeking the entry of a consent judgment "are not mere suppliants for court

---

[1] The proposed order defines "Associated Persons" as the defendants' "directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons or entities in active concert or participation with any of them (including individuals, partnerships, corporations, subsidiaries, affiliates, franchisees, and 'doing business as' entities)." Consent Decree (Doc. 21-1) ¶ 4.A.

favor," *City of Miami*, 664 F.2d at 440, a bare statement that "[t]he parties have agreed to resolve the . . . matter with the entry of a Consent Decree," Mot. at 1, is not enough.

Accordingly, the Joint Motion to Enter Consent Decree (Doc. 21) is **DENIED without prejudice.** The parties may file a renewed motion containing the requisite facts by evidence, affidavit, or stipulation by **May 12, 2026**. In the alternative, because the defendants have already filed an answer, (Doc. 17), the United States may dismiss the action by a stipulation signed by all parties under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

**ORDERED** in Tampa, Florida, on April 28, 2026.

Kathryn Kimball Mizelle
United States District Judge

4